COLMAN et al. v. BOWEN.

(District Court, D. Massachusetts. November 13, 1912.)

No. 299 (C. C. 909).

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—KNOT-TYING IMPLEMENT.

 The Colman patents, No. 672,636, for a knot-tying implement for use in the spooling process in textile manufactures, and consisting of a rotatable tying-bill, with means for securing it to the hand of the operator, and which, when actuated by a thumb lever, automatically ties the threads together and cuts the ends to a uniform length, and No. 755,110, for improvements thereon, both *held* not anticipated, valid, and infringed.

In Equity. Suit by Howard D. Colman and others against Charles A. Bowen. On final hearing. Decree for complainants.

Luthur L. Miller, of Chicago, Ill., and Melville Church, of Washington, D. C., for plaintiffs.

Charles E. Brock, of Washington, D. C., for defendant.

BROWN, District Judge. The bill charges infringement of letters patent to Howard D. Colman, No. 672,636, April 23, 1901, for knot-tying implement, and letters patent No. 755,110, March 22, 1904, for knot-tying implement. Of the earlier patent, No. 672,636, claims 17, 40, 48, 66, and 78 are in issue; of the later patent, claims 2, 9, and 18 are in issue.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Claim 17 of the earlier patent is as follows:

"17. In a knot-tying implement, in combination, a rotatable tying-bill, means for securing said tying-bill to the hand of the operator, and a lever adapted to be operated by a movement of the thumb of the hand to which the implement is secured, for rotating said tying-bill."

The knot-tying implement to which both patents relate, the later being merely for improvements, is known to the trade as the "Barber Knotter." It is adapted for use in the spooling process in textile manufacture for tying the tail end of the thread on the spool to the leading end of the thread on a new bobbin, all the thread of several bobbins being thus united and wound upon a single spool in a practically continuous thread.

In the prior art the threads were tied by hand. The operation was slow and likely to be inaccurate. The Barber knot-tying implement ties the knot automatically and uniformly and cuts the ends to a proper and uniform length.

The testimony as to the utility of the invention in saving the cost of spooling and in producing a better fabric is satisfactory, and is practically undisputed. The defendants deny patentability in the combination of the claims of the earlier patent, and deny infringement of the second patent.

Both patents were in suit in the Eastern district of North Carolina upon the same claims and upon a substantially similar record, and the claims were held valid and infringed.

The element, "a rotatable tying-bill" for tying a knot, is disclosed in the prior art; as, for example, in patents to Augsburger, No. 242,- 859, June 14, 1881, for grain binder, and to Olson, No. 273,761, March 13, 1883, for grain binder. The prior art, however, does not show the conception of mounting a rotatable tying-bill upon the hand of an operator, and of rotating it by a simple movement of the thumb upon a lever which serves to rotate the tying-bill.

Defendant's expert concedes that the knotters of the prior patents are intended to be operated by the mechanisms of the machines on which they are mounted, but says that, as it was old in the art to provide means for securing various hand-operated implements to the hand of the operator and to operate such implements by thumb levers, claim 17 of the Colman patent, No. 672,636, does not, in his opinion, cover a combination requiring invention in its production.

Reference is made to the patent to Titus, No. 354,363, December 14, 1886, for fruit-gathering shears, in which shears for cutting the stems of fruit and a lever to operate the shears are mounted upon the hand; also to patent to Swift, No. 634,152, October 3, 1899, for a knot-tying implement intended for tying the spooler's knot, which shows a tying-bill with suitable handles for the thumb and fingers of the operator. This patent, however, does not show a rotatable tying-bill, rotated mechanically by a lever, as in the patents in suit. While it is true that it might be partly rotated by a rotation of the wrist of the operator, it is far from anticipating the conception of automatic operation in the tying of a knot, which is characteristic of the patents in suit. It is a hand tool for a knot-tying operation effected principally by the hand, while

in the complainants' device we have an implement in which automatic operation for tying the knot is the predominant feature.

Nor do we find in the Swift patent an anticipation of the conception of mounting a rotatable tying-bill upon the hand, and of rotating it automatically, and thus tying a knot merely by pressing upon a lever. In the Swift device, as we have said, the hand operation is predominant.

I am of the opinion that the broad combination of claim 17 involved more than the exercise of mechanical skill, and that it covers a conception which is an inventive conception, quite remote from what would occur to the ordinary mechanic.

The knot-tying devices of the prior art were not at all suggestive of use in a hand implement, and the making of a hand implement, wherein the hand could both carry and operate the complicated mechanism, involved, as is conceded by the defendant's brief, mechanical skill of a high order. Therefore there was not the mere conception of mounting the rotatable tying-bill upon the hand, but there was required, also, a further and definite conception of the relation of the hand-operated lever to the means for performing the various operations of knot-tying. This was necessary before the inventor could determine that his generic conception was mechanically practicable, so that it would be unjust to say that this was a mere carrying out of what was obvious to the mere mechanic.

Being of opinion that claim 17, which covers the invention broadly, is valid and infringed, it becomes unnecessary to consider in detail the other claims of the earlier patent. Each of these claims, in my opinion, is valid and infringed.

The improvement patent, No. 755,110, relates more specifically to the construction of the parts of the tying-bill. An improvement disclosed in this patent consists in the removability of parts of the cutting mechanism and provision for more convenient sharpening.

The defendant insists upon a very narrow construction of the claims in order to escape infringement. Though the claims are concededly for special improvements, I am of the opinion that the construction which the defendant seeks to place upon them is too narrow, and that, fairly interpreted, these claims are infringed. This, perhaps, is less clear as to claim 9 than as to claims 2 and 18. While as to claim 9 there may be doubt, this is not sufficient to lead me to a different conclusion from that reached by the learned judge in the former decision concerning this patent.

I am of the opinion that claims 17, 40, 48, 66, and 78 of patent No 672,636, and claims 2, 9, and 18 of patent No. 755,110, are valid and infringed. A draft decree may be presented accordingly.